RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 09 2008

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WANDA Y. DOCKENS,<br>        Plaintiff,<br>        vs.<br>KAISER FOUNDATION HEALTH PLAN OF<br>GEORGIA, THE SOUTHEAST<br>PERMANENTE MEDICAL GROUP, THE<br>STATE OF GEORGIA, GEORGIA<br>DEPARTMENT OF COMMUNITY HEALTH<br>STATE HEALTH BENEFIT PLAN<br>DIVISION<br>        Defendants, | CIVIL ACTION<br><br>CASE NO: **1:08-MI-0248**<br><br>VERIFIED COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

**COMES NOW,** plaintiff (hereafter Dockens) and makes and files this complaint for damages. By this complaint Dockens seeks relief as set out below and a jury trial.

### Part 1. JURISDICTION

1.

This complaint involves several questions of federal law and some state law questions.  All parties are within the jurisdiction of The United States District Court for the Northern District of Georgia.

### Part 2. VENUE

2.

Venue is proper in this District because the claim arose in this district, the Defendants have principal offices in this district and Plaintiff resides in this District.

## Part 3. The Parties

3.

Plaintiff, Wanda Y. Dockens is an individual residing at 6291 Sunflower Place Lithonia, GA 30038 in DeKalb County State of Georgia.

4.

Defendant, Kaiser Foundation Health Plan of Georgia, Inc. is a Georgia corporation with a principal office located at 3495 Piedmont Road, 9 Piedmont Center Atlanta, GA 30305 and whose registered agent is Corporation Service Company with a registered office at 40 technology parkway South #300, Norcross, GA 30092.

5.

Defendant, The Southeast Permanente Medical Group, Inc. is a Georgia corporation with a principal office located at 3495 Piedmont Road, 9 Piedmont Center, Atlanta, GA 30305 and whose registered agent is Corporation Service Company with a registered office at 40 technology parkway South #300, Norcross, GA 30092.

6.

Defendant, The State of Georgia is a State in the United States of America whose principal office is located at 214 State Capitol, Atlanta, GA 30334.

7.

Defendant, Georgia Department of Community Health State
Health Benefit Plan Division is a Georgia State Agency with a
principal office located at 2 Peachtree Street, NW Atlanta, GA
30303.

## Part 4. STATEMENT OF THE CASE

8.

In May 1999 Dockens was prescribed the combination of
Bactrim (generic) and Motrin 800.  When Dockens returned to
Kaiser Permanente shortly thereafter with genital lesions Kaiser
Permanente told her she had the incurable sexually transmitted
disease genital herpes.  Dockens notified Kaiser Permanente that
she had not been sexually active in nearly four years and
questioned that this was a mistake.  Dockens submitted to a
total of 7 tests for this incurable disease all rendered by
Kaiser Permanente over the following seventeen months and was
told this diagnoses was accurate and that the disease had been
dormant in her body; that because of an autoimmune thyroid
disease she recently developed the disease began to surface.
During this time Dockens began to have lesions all over body
which Kaiser Permanente further confirmed as genital herpes
stating that the disease had been transferred to the other parts
of her body through oral contact.  Frightened beyond belief of
infecting someone else with this disease at 29 years old Dockens

chose to refrain from contact with other individuals. Dockens
learned in August, 2003 that the drugs Bactrim and Motrin were
associated with Erythema Multiforme, an allergic reaction to the
above mentioned medications often misdiagnosed as genital
herpes. Both of these drugs had been given to Dockens shortly
before the first lesions appeared. Erythema Multiforme is an
allergic reaction to medications that should go away when the
medication is stopped. Kaiser Permanente continued to prescribe
the medication for another two years into 2001 and Dockens
continued to have lesions. The lesions became infected with
Methicillin Resistant Stapphylococcus Aureus, (MRSA) a staph
infection that cannot be killed with penicillin antibiotics.
Kaiser Permanente being aware of this prescribed penicillin
antibiotics which did not kill the infection and allowed Dockens
to walk around with this infection continuing to become ill for
10 months until she was hospitalized. After learning of the
problems with the medications in August 2003 Dockens contacted
her primary care physician, Earl Thurmond, a Kaiser Permanente
employee in August 2003 to inquire if this had happened to her.
Dockens requested a copy of the pharmacy record which was not
sent to her, she went to the medical board to get the record and
Kaiser Permanente still refused, she hired Attorney Ian
Rappaport to obtain the record; Kaiser Permanente again refused
and she finally retained Attorney Victor A. McLemore to

4

represent her in a legal action against Kaiser Permanente.
Attorney McLemore sent numerous requests for the documents and
Kaiser Permanente still refused.  Against the will of Attorney
McLemore Dockens demanded that the action be filed on October
10, 2005 without the affidavit required by O.C.G.A. section
9.11.9.1 after learning that she had developed lupus as a result
of the medications Kaiser Permanente had given her and their
failure to properly treat the MRSA infection and the autoimmune
thyroid disease.  Dockens learned that no accurate test for
genital herpes could ever be given unless she had lesions that
could be cultured and sent for laboratory examination.  If the
Dockens actually had an allergic reaction to medication that she
stopped taking; was misdiagnosed and did not ever have genital
herpes she would never be able have any accurate test for
genital herpes, as she would never have anymore lesions.  The
only way to ever prove Kaiser Permanente had made the mistakes
would be through examination of the pharmacy record and medical
records before and immediately after the combination of drugs
were given.  Kaiser Permanente refused and has continued to
refuse to turn over the pharmacy record for the past five years.
**Dockens contends that Kaiser Permanente had to have been well
aware of their mistakes in order to withhold the records that
were crucial to obtaining any expert opinion to be used against
them.  Dockens further contends that Kaiser Permanente's actions**

**were deliberate and intentional.  Kaiser Permanente sought to conduct their own Tuskeegee Experiment right here in the State of Georgia**

9.

## STATEMENT OF FACTS

### COUNT 1 EQUAL PROTECTION 14TH AMENDMENT

The State of Georgia passed a law under O.C.G.A. section 9-11-9.1 which requires any person filing suit against a professionally licensed individual in the State of Georgia to attach to the complaint at the time the action is commenced an affidavit of a professional holding the same license in the same specialty setting forth one negligent act.  This law also requires that the medical records supporting the affidavit be attached to the complaint.  This is an impossible hurdle to cross and creates an unequal level of protection for professionals not guaranteed to the average citizen such as Dockens.  Kaiser Permanente was asked to provide copies of medical records and pharmaceutical records to Dockens for five years and refused.  Kaiser went before the Georgia Court of Appeals and proudly stated that they were under no obligation to provide copies of any records until the opening of discovery. Discovery in the state of Georgia does not begin until a legal action has been filed and served upon the Defendant.  Dockens never had an equal opportunity to obtain the records needed to

6

obtain an affidavit pursuant to O.C.G.A. section 9-11-9.1 nor did Dockens have an equal opportunity to attach the supporting medical records to the affidavit as Kaiser Permanente chose not to give Dockens the records upon numerous request.

## 42 USC 1983

10.

The Defendants violated Dockens constitutional rights by denying her life, liberty and the pursuit of happiness.

11.

The Defendants knew Dockens did not have genital herpes but continued to prescribe medications they knew she was allergic to.

12.

The Defendants failed to disclose to Dockens that she had Lupus and render medical treatment for the illness.

13.

The Defendants led Dockens to believe she had an incurable sexually communicable disease that they knew she did not have.

14.

The Defendants refused to render medical treatment for Dockens thyroid disorder because said disorder can effect Lupus test results and to create a defense for their misconduct.

15.

The Defendants canceled all Dockens medical benefits without proper notice leaving her without medical care for the conditions they deliberately caused her to develop.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

16.

Dockens has suffered flares of graves disease, lupus, psychological distress, a stroke, vision impairment and severe headaches.  Dockens has no access to medical care as the local hospitals will not render care without medical insurance.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully request for judgment as follows:

a. Issue an order to reinstate Dockens health benefits.

b. Issue an order to pay all unpaid medical bills Dockens has incurred.

c. Issue an order that Dockens be reimbursed for all out of pocket medical expenses.

d. All damages sustained as a result of Defendant's conduct, including damages for emotional distress, humiliation, embarrassment and 1,000,000.00 from each state agency defendant, 9,000,000.00 from each other defendant.

e. Exemplary and punitive damages in the amount commensurate with each defendant's ability to pay and to deter future conduct in like manner.

f. Attorney's fees and other costs.

g. Such other and further relief as this Court deems just and
   proper.

Respectfully Submitted Dated this 9th day of July, 2008

WANDA Y. DOCKENS,
PRO SE
6291 SUNFLOWER PLACE
LITHONIA, GA 30038
770-733-1856

Sworn this 9th day of July, 2008

NOTARY PUBLIC

9

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **WANDA Y. DOCKENS,**<br>        **Plaintiff,**<br>     **vs.**<br>**KAISER FOUNDATION HEALTH PLAN OF**<br>**GEORGIA, THE SOUTHEAST**<br>**PERMANENTE MEDICAL GROUP, THE**<br>**STATE OF GEORGIA, GEORGIA**<br>**DEPARTMENT OF COMMUNITY HEALTH**<br>**STATE HEALTH BENEFIT PLAN**<br>**DIVISION**<br>        **Defendants,** | **CIVIL ACTION**<br><br>**CASE NO:**<br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### VERIFICATION OF COMPLAINT

I  WANDA Y. DOCKENS, certify under oath and penalty of perjury

under the laws of the United States that:

    (a)    I reside at 6291 Sunflower Place Lithonia, GA 30038 in

            DeKalb County, State of Georgia.  I can be reached by

            telephone at (770)733-1856.

    (b)    I know the contents of the complaint signed by me and all

            the statements in this complaint are true and correct to

            the best of my knowledge.

_(Signature)_                                    7/9/08  _(Date)_

Subscribed and sworn to (or affirmed) before me this

_____9th_____ Day of ___July___ , ___2008___

            _(Month)_              _(Year)_

At _Washington Mutual Bank  Lithonia GA_

My commission expires on _May 10 (illegible)_

_(Signature of Notary Public)_

LAUNGERINA NELSON<br>MY COMMISSION EXPIRES<br>NOTARY PUBLIC<br>MAY 10, 2010<br>COBB COUNTY, GEORGIA